UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FIDEL SUAREZ,                  CRIMINAL NO. 05-80865

        Defendant.
_____/

**ORDER REJECTING *BATSON* CHALLENGE**

The Defendant has challenged the government's use of a peremptory strike to exclude potential juror Lopez from the jury. Lopez was the only Hispanic-surnamed potential juror on the panel from which the attorneys were selecting a jury. The court determines that Defendant has not presented a prima facie case of purposeful discriminatory action by the government, and that even if such were the case, a neutral and plausible basis exists for the peremptory strike.

A peremptory challenge based on a potential juror's race violates the Equal Protection Clause of the Fourteenth Amendment, *Batson v. Kentucky,* 476 U.S. 79, 89, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and the Due Process Clause of the Fifth Amendment, *Edmonson v. Leesville Concrete Co.,* 500 U.S. 614, 616, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991) (citing *Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954)).

To establish a *Batson* violation, a defendant must first make out a *prima facie* case of racial discrimination either by demonstrating an extended pattern of

discrimination over many cases or by the "totality of the relevant facts" concerning a prosecutor's conduct during the defendant's own trial. *Miller-El v. Dretke,* ____ U.S.____, 125 S.Ct. 2317, 2324, 162 L.Ed.2d 196 (2005) (quoting Batson, 476 U.S. at 96).

If a *prima facie* case is made out, the burden shifts to the prosecutor to articulate a race-neutral explanation for exercising the challenge. *Id.* This "does not demand an explanation that is persuasive, or even plausible," but merely a reason that is facially nondiscriminatory. *Purkett v. Elem,* 514 U.S. 765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995).

The trial court must determine at that point whether the defendant has proven purposeful discrimination. *Miller-El,* 125 S.Ct. at 2325. Purposeful discrimination may be shown by demonstrating that the proffered explanation is merely a pretext for a racial motivation. *United States v. Jackson,* 347 F.3d 598, 604 (6th Cir.2003). The ultimate burden of persuasion rests with the party challenging the strike. That party must prove that the strike was motivated by discriminatory animus. *Id.* "If a prosecutor's proffered reason for striking a black panelist applies just as well to an otherwise-similar nonblack who is permitted to serve, that is evidence tending to prove purposeful discrimination to be considered at Batson' s third step." *Miller-El,* 125 S.Ct. at 2325. Such a "comparative juror analysis" cannot be made where there is no evidence demonstrating that empaneled white jurors possessed the same characteristics for which the minority was allegedly stricken.

The Sixth Circuit has explained the *prima facie* elements a defendant must satisfy when making a *Batson* challenge:

    1) that the defendant is a member of a cognizable racial group;
    2) that the prosecutor has exercised peremptory challenges against members of the defendant's race; and
    3) that the relevant circumstances raise an inference of purposeful discrimination.

*United States v. McCoy,* 848 F.2d 743, 745 (6th Cir. 1988).

"Relevant circumstances" that are sufficient to raise an inference of discrimination has been addressed by the Supreme Court and the Sixth Circuit.

In *Batson,* the Supreme Court said that considerations may include whether there was a pattern of strikes against jurors of a particular race, as well as the prosecutor's questions and comments during voir dire. In *United States v. Sangineto-Miranda,* 859 F.2d 1501, 1521 (6th Cir. 1988), our circuit rejected a *per se* rule that the government using all its peremptory challenges against blacks, without more, makes out a *prima facie* case of intentional discrimination. Trial courts are directed to consider factors including

    1) the racial composition of the initial group seated and the final jury panel sworn;
    2) the number of peremptory strikes allowed each side; and
    3) the race of those who were struck or excused from the jury panel throughout the voir dire (whether for cause or by a peremptory challenge), the order of strikes, and by whom they were exercised.

*Id.* at 1520

It may also be useful to consider the percentage of the "cognizable racial group" in the jury pool, or the racial composition of the district wherein the jury pool is selected. *Id.* *Sangineto-Miranda* included an explanation of additional circumstances that may tend to refute or to support inferences of discrimination necessary to make a *prima facie* case. *Id.* at 1522.

3

Here, it cannot be denied either that the defendant is a member of a cognizable racial group (Mexican/Hispanic), or that the prosecutor has exercised peremptory challenges against a member of the defendant's cognizable, a Mrs. Lopez. The relevant circumstances, however, do not raise an inference of purposeful discrimination. *McCoy,* 848 F.2d at 745. Mrs. Lopez, as the government points out, was the only juror who stated that she had a family member who had been "falsely accused" by the government, albeit in Mexico, and acquitted at trial.

There is nothing present in this case resembling the kind of systematic and discriminatory preemptive strikes condemned in *Batson* and its progeny. One jury panel member with an Hispanic surname and a history of a family member having been falsely accused, according to the panel member, was dismissed. Nothing more has happened.

Similarly, in *U.S. v. Copeland* 304 F.3d 533 (6th Cir. 2002), neither the trial court nor the court of appeals were persuaded that any *Batson* violation had occurred where the government proffered a race-neutral reason (inattention) for striking the sole Hispanic man on the jury panel. "The record indicates that the juror informed the court that he probably would be unavailable on some of the days of trial because of the need to attend to matters in his [own personal injury] case." *Copeland,* 304 F.3d at 550. The court emphasized that the burden remained with the Defendant to demonstrate that the government's motives were discriminatory, and that the Defendant in that case had failed to make such a showing.

Furthermore, the court noted that, "other than the fact that Juror # 118 is Hispanic, Copeland has offered no evidence that his exclusion from the jury by the

4

government was based upon purposeful discrimination. Without more, and in light of the evidence supporting the government's race-neutral justification for dismissing the juror, we cannot conclude that Copeland has demonstrated a factual basis for a *Batson* violation." *Id.*

For the same reasons, the court rejects Defendant's challenge to the government's strike removing Lopez from the jury panel.

                                       s/ Robert H. Cleland
                                       ROBERT H. CLELAND
                                       UNITED STATES DISTRICT JUDGE

Dated: April 27, 2006