**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

FIDEL SUAREZ,                                    Case No. 05-80865

        Defendant.
                                       /

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

Defendant raised an objection and a motion on the morning trial commenced, arguing that certain statements he made to investigating agents should not be received because he was in custody and interrogated without having been cautioned pursuant to *Miranda* standards.[1]

Such an argument should have been raised months earlier within the deadlines established by the bench and by this court for the administration of criminal cases. Defendant received discovery material from the Government in October 2005, in which the existence of these disputed statements is clearly set forth. Defendant is expected to know enough about the facts of his own interrogation in order to prepare for trial and to raise questions, if necessary, about the circumstances of an interrogation of this kind.

Defendant contends that important additional details of the statements, however, were brought to light only recently when certain rough notes of the agent who questioned the Defendant were provided to the defense counsel the day before jury

---

[1] *See Miranda v. Arizona,* 384 U.S. 436 (1966).

selection.  Defense counsel argues that he only then realized that the statements might be "harmful" to his client and thus raised the issue. Why this realization, and this motion, did not occur before the jury panel was called in and questioned – or at least immediately thereafter – has not been explained, especially in view of the Government's request during the middle of the week preceding jury selection for a "false exculpatory statements" instruction relative to these very statements. Although initially inclined to declare this motion untimely and the issue therefore waived, the court reserved a decision on the motion until relevant evidence had been produced.  Sufficient evidence has now been heard to determine the question.  The court finds that the evidence clearly shows that Defendant was not in custody when he made the questioned statements.  Therefore, the motion will be denied.

     Defendant argues, in essence, that he was in custody because he was not free to leave the scene of what, to him, appeared to be a traffic stop and detention.  An argument based on the idea that the Defendant was in the equivalent of "custody" because he had been deprived of his freedom of movement, even if in a significant or substantial way, is in contradiction of the Supreme Court's holding in *Berkemer v. McCarty,* 468 U.S. 420, 439-41 (1984).  The pertinent question is whether the Defendant was "in custody" during the investigatory detention.  In *Berkemer,* the Court held that a motorist temporarily detained in a traffic stop does not have the right to a Miranda warning even though a "traffic stop significantly curtails the 'freedom of action' of the driver . . . . " *Berkemer,* 468 U.S. at 436.

     In determining whether a Defendant was subject to custodial interrogation the court looks to the totality of the circumstances "to determine 'how a reasonable man in

the suspect's position would have understood the situation.'" *United States v. Salvo,* 133 F.3d 943, 948 (6th Cir. 1998) (quoting *United States v. Phillip,* 948 F.2d 241, 247 (6th Cir. 1991).  The "ultimate inquiry is simply whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *United States v. Knox,* 839 F.2d 285, 291 (6th Cir. 1988) (quoting *California v. Beheler,* 463 U.S. 1121, 1125 (1983) (internal quotations omitted)).

The first factor this court considers is whether a reasonable person in Defendant's position would feel free to leave.  *United States v. Crossley,* 224 F.3d 847, 861 (6th Cir. 2000).  In the context of a traffic stop and subsequent investigatory detention, a person is not "free to leave."  This favors the determination of a custodial interrogation.  Other factors include the purpose of the questioning, whether the place of the questioning was hostile or coercive, the length of the questioning and other indicia of custody such as whether the suspect was informed at the time that the questioning was voluntary or that the suspect was free to leave or to request the officers to do so; whether the suspect possessed unrestrained freedom of movement during questioning; and whether the suspect initiated contact with the police or acquiesced to their requests to answer some questions.  *Id.; Salvo,* 133 F.3d at 950; *United States v. Swanson* 341 F.3d 524, 529 (6th Cir. 2003).

The purpose of the questioning here was preliminary and general, and not particularly accusatory.  The place of the questioning was in no way hostile or coercive, but rather a public and open place.  The length of the questioning was minimal.  Although it does not appear that Defendant was informed that the questioning was voluntary or that he was free to leave or to request the officers to do so, there are no

3

other indicia of custody.

Considering the totality of the circumstances of this investigatory detention, the court concludes that Defendant was not subject to custodial interrogation. Although he was not free to leave during the questioning, the restraint exercised by the agents did not approach the level associated with "formal arrest or a coercive context tantamount to custody," *Salvo,* 133 F.3d at 953, until evidence was found in the tractor connecting the tractor to the seized cocaine, at which point he was, in fact, placed under arrest. The statements at issue had been made before that time.

Accordingly, IT IS ORDERED that Defendant's motion to suppress statements is DENIED.

      S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  May 1, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 1, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Odd Orders\Suarez.Statements.wpd